**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **BILLY A. SPEAGLE, #737521,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 26-cv-00547-JPG** |
| | ) | |
| **KATHLEEN ANN EMERICK and ALICIA M. GRANITO,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Billy A. Speagle, brings this action pursuant to 42 U.S.C. § 1983 against Fayette County Circuit Court Clerk Kathleen Ann Emerick and Attorney Alicia M. Granito for their alleged interference with his access to the courts in *People v. Speagle*, No. 13-CF-00062 (Fayette Cty., Ill.). He requests money damages from both defendants and authorization to file an appeal.

Speagle is currently at the Treatment and Detention Facility in Rushville, Illinois, a facility administered by the Illinois Department of Human Services to house civil detainees pursuant to the Illinois Sexually Violent Persons Commitment Act (SVPCA), 725 ILL. COMP. STAT. 207/1, *et seq*. At the time he filed this action, he was awaiting trial on the Illinois Attorney General's Petition for Sexually Violent Person Commitment, *see In re the Commitment of Billy A. Speagle*, 2018MR93 (Fayette Cty., Ill.). According to public records,[1] Speagle is currently classified as a sexually violent person (SVP).[2]

---

[1] The Court searched publicly available government records to determine Speagle's status as a sexually violent person on July 27, 2026 and September 25, 2026. *See* https://www.isp.illinois.gov/sor ; *see also Bova v. U.S. Bank, N.A.,* 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases).
[2] Under Illinois law, a "sexually violent person" is defined as a "person who has been convicted of a sexually violent offense, has been adjudicated delinquent for a sexually violent offense, or has been found not guilty of a sexually violent offense by reason of insanity and who is dangerous because he or she suffers from a

Sexually violent persons are not considered "prisoners"[3] under the Prison Litigation Reform Act (PLRA). *See* 28 U.S.C. § 1915(h) (defining "prisoner" under PLRA); *see also* *Kalinowski v. Bond*, 358 F.3d 978 (7th Cir. 2004) (noting that "[a]pplying the PLRA's definition to [SVP] detainees may be difficult"). Contrary to this Court's filing fee orders at Docs. 4 and 6, the provisions of 28 U.S.C. § 1915A do not apply. Thus, the Court will reconsider Speagle's motion for leave to proceed *in forma pauperis* (Doc. 2) while screening his Complaint.

Under 28 U.S.C. § 1915(e)(2)(B), the Court must deny *in forma pauperis* (IFP) status and dismiss a case at any time it determines that an action filed by an IFP litigant is frivolous or malicious, fails to state a claim, or seeks money damages from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii). When reviewing the Complaint, the Court liberally construes all factual allegations in favor of a *pro se* plaintiff. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

## **The Complaint**

Speagle makes the following allegations in his Complaint (Doc. 1, p. 6): Fayette County Clerk of Court Kathleen Ann Emerick provided late notice of the state court's decision on Speagle's second petition for post-conviction relief in *People v. Speagle*, No. 13-CF-00062 (Fayette Cty., Ill.). Clerk Emerick not only failed to notify the parties and counsel of the judge's decision dated February 16, 2024, but she also failed to advise Speagle of his right to appeal that decision within thirty days. In addition, Speagle's court-assigned counsel, Alicia Granito, received an email containing late notice of the decision and refused to file it with the Court to preserve

---

mental disorder that makes it substantially probable that the person will engage in acts of sexual violence." *See* 725 ILL. COMP. STAT. 207/1(f).

[3] The PLRA defines "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program," and the same definition is used in 28 U.S.C. § 1915(h) and § 1915A(c).

Speagle's right to appeal. Speagle requests money damages from Clerk Emerick and Attorney Granito, and he seeks an order authorizing him to appeal *People v. Speagle*, No. 13-CF-00062 (Fayette Cty., Ill.). Speagle attempted to resolve this matter in the Illinois Court of Appeals and Illinois Supreme Court before seeking relief in this action. *Id*.

**<u>Discussion</u>**

Detainees and convicted prisoners have a fundamental right of "meaningful" access to the courts. *Casteel v. Pieschek*, 3 F.3d 1050, 1053 (7th Cir. 1993). A claim for interference with court access arises when a plaintiff sets forth allegations establishing that: (a) officials failed "to assist in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law;" and (b) plaintiff suffered "some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation." *Jenkins v. Lane*, 977 F.2d 266, 268 (7th Cir. 1992) (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977)); *Alston v. DeBruyn*, 13 F.3d 1036, 1041 (7th Cir. 1994). A plaintiff claiming denial of access to the courts must show "actual injury," *i.e.*, that a state actor hindered the plaintiff's efforts to pursue a non-frivolous legal claim. *Lewis v. Casey*, 518 U.S. 343, 351 (1996).

The Complaint articulates no claim for denial of court access against Clerk Emerick. Speagle faults this defendant for providing the parties and counsel with late notice of the Court's decision denying his second petition for post-conviction relief dated February 16, 2024 in *People v. Speagle*, No. 13-CF-00062 (Fayette Cty., Ill.). However, Speagle does not allege that Clerk Emerick was the individual responsible for mailing court docket entries in the first place. Speagle also failed to provide a copy of the notice or decision, the date it was sent, the date he received it, the date his counsel received it, or any other details about it. "Section 1983 creates a cause of

action based on personal liability and predicted upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Vance v. Washington*, 97 F.3d 987, 991 (7th Cir. 1996), *cert. denied*, 520 U.S. 1230, 117 S.Ct. 1822, 137 L.Ed. 2d 1030 (1997) (citations omitted). Speagle has not set forth sufficient facts to establish that any violation of his constitutional rights occurred at the direction, knowledge, or consent of this defendant. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995).

Moreover, Clerk Emerick cannot be held liable under § 1983 simply because of her job title. The doctrine of *respondeat superior* (supervisory liability) does not apply to an action filed under § 1983. "Liability under § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018). To be held liable, a supervisor must "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye. . . ." *Gentry*, 65 F.3d at 561 (citation omitted). The allegations suggest no such thing.

The Complaint also states no claim under § 1983 against Attorney Granito. Speagle faults Attorney Granito for failing to submit evidence of the late notice from Clerk Emerick with Speagle's notice of appeal. According to § 1983, "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State" deprives a person of his federal constitutional or statutory rights shall be liable in an action at law. *See* 42 U.S.C. § 1983. Attorney Granito is described as Speagle's court-appointed counsel in *People v. Speagle*, No. 13-CF-00062 (Fayette Cty., Ill.). The United States Supreme Court has held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981). The Seventh Circuit Court of Appeals has further held that a court-appointed public defender is not subject to suit under

§ 1983. *McDonald v. White*, 465 F. Appx. 544 (7th Cir. 2012). Because his claims against Attorney Granito arise from the attorney's performance of traditional functions as counsel in his civil commitment proceedings, Speagle cannot pursue relief against this defendant under § 1983.

Even if Speagle retained Attorney Granito as his private attorney in a criminal or civil matter, this attorney would not be subject to liability under § 1983. A private attorney is not a state actor or acting under color of state law for purposes of § 1983. *French v. Corrigan*, 432 F.2d 1211, 1214-15 (7th Cir. 1970), *cert. denied*, 401 U.S. 915 (1971). Speagle cannot pursue § 1983 relief against Attorney Granito based on the allegations in his Complaint.

Had he named the proper defendants, Speagle would still not be entitled to money damages under § 1983, where a finding in his favor would necessarily imply the invalidity of his underlying confinement. *See Bell v. Raoul*, 88 F.4th 1231, 1233 (7th Cir. 2023) (citing *Heck v. Humphrey*, 512 U.S. 477, 487 (1997)). In *Heck*, the Supreme Court held that § 1983 cannot be used to obtain money damages from a state actor, where a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate the conviction or sentence was invalidated. *Heck*, 512 U.S. at 487. The Seventh Circuit Court of Appeals more recently held that the *Heck*-bar extends to individuals who are civilly confined under the SVPCA and similar statutes. *Bell*, 88 F.4th at 1233. "Like a prisoner wishing to challenge a criminal conviction or sentence, a civil detainee cannot sue a state official under 42 U.S.C. § 1983 for violating his constitutional rights when a judgment in the plaintiff's favor would necessarily imply the invalidity of his confinement, unless the grounds for the confinement have already been set aside in other proceedings." *Id.*

Speagle seeks monetary relief for constitutional deprivations arising from his confinement without demonstrating that his commitment or detention orders have been invalidated. A finding

in his favor on the claims before this Court would necessarily imply the invalidity of his confinement. His claim for money damages is thus *Heck*-barred.

Speagle cannot rely on 42 U.S.C. § 1983 to appeal his original case, *i.e.*, *People v. Speagle*, No. 13-CF-00062 (Fayette Cty., Ill.). This Court lacks jurisdiction over his appeal. If he succeeds in overturning or invalidating his order of commitment, he may pursue relief under § 1983. Until he does so, however, § 1983 provides no avenue to relief. The Complaint and this action shall be dismissed without prejudice as *Heck*-barred and/or for failure to state a claim against the defendants.

## IFP Motion

This Court prematurely granted Speagle's IFP motion. (Docs. 4 and 6). Section 1915(e)(2) requires a court to deny IFP in this context, if the Complaint fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2);[4] *Lucien v. Roegner*, 682 F.2d 625, 626 (7th Cir. 1982). The Complaint states no claim for relief under 42 U.S.C. § 1983 and is also *Heck*-barred, so the Order Granting IFP (Doc. 6) is **VACATED**, and Speagle's IFP status is **REVOKED**.

## Disposition

The Complaint (Docs. 1) is **DISMISSED** without prejudice as *Heck*-barred and for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B).

The Order Granting IFP (Doc. 6) is **VACATED**, Speagle's IFP status is **REVOKED**. The filing fee of $405.00 remains due and payable. *See* 28 U.S.C. §§ 1915(a)(1); 1915(e)(2); *Lucien v. Jockisch*, 133 F.3d 464, 467-68 (7th Cir. 1998) (fee remains due even where suit is dismissed);

[4] Section 1915(e)(2) *requires* the Court to deny IFP and dismiss the Complaint at any time if: (1) the allegation of poverty is untrue; (2) the action is frivolous; (3) the action fails to state a claim; or (4) the action seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2).

*Newlin v. Helman*, 123 F.3d 429, 434 (7th Cir. 1997) (a plaintiff incurs the obligation to pay the filing fee at the time the action or appeal is commenced).

The Clerk's Office is directed to **ENTER** judgment and **CLOSE** this case.

**IT IS SO ORDERED**.

**DATED: 9/28/2026**

**J. PHIL GILBERT**
**United States District Judge**